IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN BERNARD HARVIN, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-24-3766 |
| ALASTAIR BORTHWICK, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Steven Bernard Harvin, who is proceeding without counsel, has sued Bank of America, N.A. chief financial officer Alastair Borthwick and employees Shannon Matthews and Leslie Morales, asserting claims related to their alleged mishandling of his bank account and funds. Harvin's complaint is dismissed for lack of personal jurisdiction.

I. **Background**

Harvin's complaint is difficult to decipher, but the following allegations appear to be the salient ones.

In 2014, Harvin opened a credit account with Bank of America, N.A. ECF 9, at 1–2. Harvin alleges that, between December 2023 and September 2024, the bank rejected several payments he submitted via mail. *Id.* at 2–3. Harvin also claims that, in September 2024, the bank closed his account because of "[s]ufficient balances on Principal's revolving credit lines" and "[t]oo many credit cards with balances or the revolving balances are too high." *Id.* at 3. Harvin alleges that, between October 2024 and January 2025, he sent several payments and other documents to the bank via mail, but his mailings were "ignored" and the payments were not applied to the account balance. *Id.* at 4, 5. In December, the bank "charged-off the Principal's account for the remaining $9,323 and reported the charge-off to the credit bureaus." *Id.*

Harvin appears to bring the following claims against the defendants: (1) violations of the Uniform Commercial Code ("UCC") § 3-603(b), North Carolina Title 25-3-603(b), the Securities Exchange Act of 1933, the Federal Reserve Act, and the Bill of Exchange Act of 1882 for refusal to accept, process, or return his payments; (2) violations of UCC 3-603, the Privacy Act of 1974, and the Fair Credit Reporting Act for failure to remove negative marks from his credit report; (3) violation of the Federal Reserve Act for charging interest on his account; (4) violation of the Cestui Que Vie Act of 1966; (5) unjust enrichment; and (6) breach of trust and fiduciary duties for failing to process or reimburse him for his payments. ECF 9, at 4–8. As relief, Harvin seeks reimbursement for the allegedly excessive payments he made between October 2017 and September 2024 in the amount of $29,742.11. *Id.* at 6. Harvin also seeks "compensation for injuries (financial hardship, mental anguish, age discrimination, invaluable loss of time, emotional distress, and debt peonage) and breach of trust" in the amount of $6.4 million. *Id.* at 7. Finally, Harvin seeks an order from the Court directing "the re-establishment of the Principal's credit account with an open-ended limit, the remittance address to send indorsed negotiable instruments to settle monthly debts without refusal, and the guarantee that all future special or restricted indorsed applications for mortgages, auto loans, and personal loans are accepted." *Id.*

The defendants moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and alternatively under Rule 12(b)(6) for failure to state a claim. ECF 15, 16. Harvin did not timely respond to the motions. The Court directed him to respond to the defendants' motions to dismiss by November 24, 2025. ECF 21. He then filed an opposition to both motions. ECF 22. The defendants filed replies. ECF 23, 24. No hearing on the motions is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

**II.      Standards of Review**

   **A.  Federal Rule of Civil Procedure 12(b)(2)**

The defendants move to dismiss the complaint for lack of personal jurisdiction. A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction challenges the propriety of a particular court's exercise of power over a particular defendant. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131 (4th Cir. 2020). The inquiry for a Rule 12(b)(2) motion is similar to the inquiry for a Rule 12(b)(6) motion: "[T]he district court must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). But there is one significant difference: "[A] court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (citing *Grayson v. Anderson*, 816 F.3d 262, 269 (4th Cir. 2016)). Throughout, the court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). Nevertheless, "[w]hen personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." *Hawkins*, 935 F.3d at 226.

   **B.  Federal Rule of Civil Procedure 12(b)(6)**

The defendants also move to dismiss the complaint for failure to state a claim. Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts

3

demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

Harvin does not have counsel. "[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se

pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### III. Discussion

#### A. Personal jurisdiction

A federal district court may have either general or specific jurisdiction over a nonresident defendant. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). A court has general jurisdiction over a defendant if the defendant's conduct in the state is not the basis for the suit, *see id.*, and the defendant's connections to the state are "so constant and pervasive as to render it essentially at home in the forum State," *Fidrych*, 952 F.3d at 132 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). By contrast, a court has specific jurisdiction over a nonresident defendant if "the defendant has purposefully availed itself of the privilege of conducting activities in the state," "the plaintiff['s] claims arise out of those activities directed at the state," and "the exercise of personal jurisdiction would be constitutionally reasonable." *Carefirst*, 334 F.3d at 397.

The Court does not have general jurisdiction over the defendants. Borthwick, Matthews, and Morales are not Maryland residents. ECF 9, ¶ 2 (alleging Borthwick is a North Carolina resident; Matthews and Morales are New York residents); ECF 15-1, at 5 (Borthwick "resides in

another state"); ECF 16-1, at 6 (Matthews and Morales "reside in other states"). And Harvin does not allege they have "constant and pervasive" connections to Maryland to establish general jurisdiction over them. *See Fidrych*, 952 F.3d at 132. Harvin, then, must establish that this Court has specific jurisdiction over them.

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *See* Fed. R. Civ. P. 4(k)(1)(A); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). Specific jurisdiction exists if, but only if, "(1) the exercise of jurisdiction [is] authorized under the state's long-arm statute; and (2) the exercise of jurisdiction . . . comport[s] with the due process requirements of the Fourteenth Amendment." *Carefirst*, 334 F.3d at 396.

Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103(b), reaches as far as the Due Process Clause permits. *See Carefirst*, 334 F.3d at 396 (citing *Mohamed v. Michael*, 370 A.2d 551, 553 (Md. 1977)). Even so, courts cannot combine their analyses of the long-arm statute and the Due Process Clause. *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006). Rather, they first must apply the long-arm statute to the facts to determine whether the "defendant's activities are covered by the statutory language." *Dring v. Sullivan*, 423 F. Supp. 2d 540, 545 (D. Md. 2006) (quoting *Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals*, 887 F. Supp. 116, 118 n.2 (D. Md. 1995)). After an analysis of the long-arm statute, courts next analyze whether the exercise of personal jurisdiction over a nonresident defendant accords with due process. *See Carefirst*, 334 F.3d at 397.

Maryland's long-arm statute limits specific jurisdiction to cases where the cause of action "aris[es] from any act enumerated in the statute itself." Cts. & Jud. Proc. § 6-103(a). The statute authorizes jurisdiction over a party who, directly or by an agent, acts in one of six ways:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply goods, food, services, or manufactured products in the State;

6

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

(5) Has an interest in, uses, or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Cts. & Jud. Proc. § 6-103(b).

Harvin does not allege that any defendant transacts business, works, or provides services in Maryland or that they have contracted to supply any goods or services in Maryland. Harvin also does not allege that any defendant caused him tortious injury in Marland by an act or omission committed in Maryland. Nor does he allege that any defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State," which is a prerequisite for § 6-103(b)(4). Finally, Harvin does not allege that any defendant has or uses real property in Maryland or insures or acts as a surety for anyone or anything in Maryland. The long-arm statute does not authorize specific jurisdiction over any of the defendants.

Harvin also fails to establish that exercising personal jurisdiction over the defendants would comport with due process. "'[T]he key issue in a specific jurisdiction case' is the extent to which a defendant has purposefully availed itself of the forum, including by directing conduct at the forum." *Khashoggi v. NSO Grp. Techs. Ltd.*, 138 F.4th 152, 163 (4th Cir. 2025) (quoting *Fidrych*, 952 F.3d at 142–43)). Thus, "[a]lthough the place that the plaintiff feels the alleged injury is plainly relevant to the [jurisdictional] inquiry, it must ultimately be accompanied by the defendant's own [sufficient minimum] contacts with the state if jurisdiction . . . is to be upheld."

7

*Id.* at 164 (quoting *Carefirst*, 334 F.3d at 401); *see Young v. New Haven Advoc.*, 315 F.3d 256, 262 (4th Cir. 2002) (same).

Harvin is a Maryland resident, and he may feel an injury in Maryland, but he does not allege that the defendants personally engaged in or directed activities towards Maryland that caused him harm. Harvin has not shown that the defendants have "purposefully availed [themselves] of the privilege of conducting activities" in Maryland or that his "claims arise out of those activities directed at the state." *See Carefirst*, 334 F.3d at 396–97. Exercising jurisdiction over Borthwick, Matthews, and Morales does not comport with due process.

Because the Court lacks personal jurisdiction over Borthwick, Matthews, and Morales, their motions to dismiss are granted, and the claims against them are dismissed without prejudice.

### B. Failure to state a claim

Even if this Court had personal jurisdiction over the defendants, which it does not, the Court would find that Harvin fails to state a claim.

Harvin's claims sound in "sovereign citizen" theory—a frivolous theory of liability and defense that courts routinely dismiss. "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Zahir v. McKeefery*, No. PX-19-1271, 2019 WL 1980352, at *2 (D. Md. May 3, 2019) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). Citing common principles of sovereign citizen theory, Harvin alleges that he is not subject to the government's authority. For instance, Harvin believes: "We the People/citizens have been given unlimited private credit and securities and are thus Board of Governors of the Federal Reserve System as its main investors." ECF 9, at 6. Additional allegations show Harvin is trying to avoid paying his debt to the defendants. For instance, Harvin alleges that the defendants

8

"are clearly violating the Cest[u]i Que Vie Act of 1666" and requests relief under the act. "Sovereign citizens also sometimes reference the Cestui Que Vie Act of 1666 . . . as support for their arguments in court." *Wood v. United States*, 161 Fed. Cl. 30, 34 (2022) (collecting cases). The act was enacted by the English Parliament and "presumes that a person is dead if there is no 'sufficient and evident proof' that the person is still alive, for instance if a person is lost at sea." *United States v. Nissen*, 555 F. Supp. 3d 1174, 1183 (D.N.M. 2021) (quoting Cestui Que Vie Act, 1666). Although the reason for his citation to the Cestui Que Vie Act of 1666 is unclear, it appears Harvin is trying to avoid paying his debt to Bank of America, N.A. because the defendants "evicted" him from his bank account due to nonpayment. ECF 9, at 7 (citing a violation of the Cestui Que Vie Act of 1666). From these and other allegations in Harvin's complaint, it is apparent that Harvin is attempting to extinguish his debts with Bank of America, N.A. by invoking tactics and arguments used by people who consider themselves sovereign citizens. Like many courts before it, this Court rejects the "sovereign citizen" theory. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *Gittens v. Johnson*, No. GLR-22-2704, 2025 WL 1928019, at *4 (D. Md. July 14, 2025); *Hamilton v. Brown*, No. SAG-24-3608, 2025 WL 1073158, at *1–2 (D. Md. Mar. 26, 2025); *Reed v. USDC of Maryland*, No. JKB-23-3225, 2024 WL 2155222, at *2 (D. Md. May 14, 2024); *see also United States v. Wright*, 797 F. App'x 126, 128 (4th Cir. 2020) (holding district court did not err in denying plaintiff's pro se motions raising various sovereign citizen theories because the arguments were "frivolous").

Harvin's complaint—premised on the non-cognizable sovereign citizen theory—is frivolous. If Harvin had established personal jurisdiction over the defendants, his complaint would be dismissed for failure to state a claim.

## IV.     Conclusion

For the foregoing reasons, the defendants' motions to dismiss are granted. Harvin's complaint is dismissed without prejudice. A separate Order follows.

Date: <u>December 22, 2025</u>

_____
Deborah L. Boardman
United States District Judge